**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAURICE LOWERY, | : | |
|  | : | Civil No. 08-3911 (RBK) |
| Petitioner, | : | |
|  | : | |
| v. | : | |
|  | : | **OPINION** |
| WARDEN J. GRONDOLSKY, | : | |
|  | : | |
| Respondent. | : | |

**APPEARANCES:**

MAURICE LOWERY, Petitioner pro se
#30669-160
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

CHRISTOPHER J. CHRISTIE, United States Attorney
PAUL A. BLAINE, Assistant U.S. Attorney
Office of the U.S. Attorney
401 Market Street, Fourth Floor
Camden, New Jersey  08101
Attorneys for Respondent

**KUGLER, District Judge**

Petitioner, Maurice Lowery ("Lowery"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Lowery names Warden Grondolsky, the Warden at FCI Fort Dix where petitioner is confined, as the party respondent in this action.

On October 3, 2008, after receiving leave of this Court, the Government filed a motion to dismiss the petition for lack of jurisdiction.  Petitioner has not replied to the Government's motion.  This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition for lack of jurisdiction.

## I.   BACKGROUND

The following facts are taken from the petition, responsive brief, and the relevant record submitted by the Government.  On or about September 11, 2006, Lowery was sentenced in the United States District Court for the Northen District of Ohio, pursuant to a conviction by guilty plea, to an aggregate 37-month prison term to be followed by a three-year term of supervised release on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On July 5, 2007, Lowery was convicted in an Ohio state criminal court on a charge of "having a weapon under disability." He was sentenced to serve an additional two-year prison term consecutive to his federal sentence imposed on September 11, 2006.  Lowery alleges that the criminal conduct underlying his state court conviction was the same as that for which he was convicted and sentenced on Count Two in his federal case.

Lowery now asserts that he is entitled to a sentence adjustment, pursuant to United States Sentencing Guidelines

("U.S.S.G.") §§ 5G1.3(b)(1) and (2), to adjust his federal prison term by two years to compensate him for the additional two-year prison term imposed in state court.

The Government states that the docket in his federal criminal case shows that Lowery has not sought any post-sentencing relief for adjustment of his sentence.  Lowery also does not allege that he had ever sought similar relief from the Ohio state court with regarding to his sentencing.  Instead, Lowery argues that he is now barred from collaterally attacking his federal sentence pursuant to his plea agreement.  Therefore, he seeks relief from this Court under 28 U.S.C. § 2241.

## II.   DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence

3

in the sentencing court.[1]  <u>See</u> 28 U.S.C. § 2255; <u>Davis v. United

States</u>, 417 U.S. 333, 343-44 (1974); <u>United States v. Hayman</u>, 342

U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that
> the sentence was imposed in violation of the
> Constitution or laws of the United States, or
> that the court was without jurisdiction to
> impose such sentence, or that the sentence
> was in excess of the maximum authorized by
> law, or is otherwise subject to collateral
> attack, may move the court which imposed the
> sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive

means by which federal prisoners can challenge their convictions

or sentences that are allegedly in violation of the

Constitution."  <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d

Cir. 2002).  This is because § 2255 expressly prohibits a

district court from entertaining a challenge to a prisoner's

federal sentence under § 2241 unless the remedy under § 2255 is

"inadequate or ineffective" to test the legality of the

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary
because a § 2241 petition must be filed in the district where the
prisoner is confined and "the few District courts in whose
territorial jurisdiction major federal penal institutions are
located were required to handle an inordinate number of habeas
corpus actions far from the scene of the facts . . . solely
because of the fortuitous concentration of federal prisoners
within the district."  <u>United States v. Hayman</u>, 342 U.S. 205,
213-14 (1952).

petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically,

paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d

536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.

1997).

A § 2255 motion is inadequate or ineffective, authorizing

resort to § 2241, "only where the petitioner demonstrates that

some limitation of scope or procedure would prevent a § 2255

proceeding from affording him a full hearing and adjudication of

his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is

the inefficacy of the remedy, not the personal inability to use

it, that is determinative."  Id.  "Section 2255 is not

'inadequate or ineffective' merely because the sentencing court

does not grant relief, the one-year statute of limitations has

---

[2] The "inadequate or ineffective" language was necessary
because the Supreme Court held that "the substitution of a
collateral remedy which is neither inadequate nor ineffective to
test the legality of a person's detention does not constitute a
suspension of the writ of habeas corpus."  Swain v. Pressley, 430
U.S. 372, 381 (1977).

expired, or the petitioner is unable to meet the stringent

gatekeeping requirements of the amended § 2255.  The provision

exists to ensure that petitioners have a fair opportunity to seek

collateral relief, not to enable them to evade procedural

requirements."  Id. at 539.

The United States Court of Appeals for the Third Circuit has

recognized that, under certain very rare situations, a prisoner

who cannot satisfy the gate-keeping requirements of § 2255 should

be permitted to proceed under § 2241, which has neither a

limitations period nor a proscription against filing successive

petitions.  See Dorsainvil, 119 F.3d at 251.  The Dorsainvil

exception, which addresses what makes a § 2255 motion "inadequate

and ineffective," is satisfied only where petitioner "had no

earlier opportunity to challenge his conviction for a crime that

an intervening change in substantive law may negate."  119 F.3d

at 251.  The court emphasized, however, that its holding was not

intended to suggest that § 2255 would be considered "inadequate

or ineffective" merely because a petitioner is unable to meet the

stringent limitations or gatekeeping requirements of § 2255.  Id.

To the contrary, the court was persuaded that § 2255 was

"inadequate or ineffective" in the unusual circumstances

presented in Dorsainvil because it would have been a complete

miscarriage of justice to confine a prisoner for conduct that,

based upon an intervening interpretation of the statute of

conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, this Court finds that Lowery has not made any showing that he is entitled to relief under § 2241 based on the narrow exception that § 2255 is "inadequate or ineffective."  See Dorsainvil, supra.[3]  Lowery simply argues that relief under § 2255 is "inadequate or ineffective" because he could not collaterally attack his federal sentence due to his plea agreement.  Lowery does not explain, however, why he did not seek to challenge his sentence in state court; nor does he indicate how the plea agreement precluded him from making a § 2255 motion for a sentence adjustment based on his state court sentence that was related to his federal conviction.

Clearly then, Lowery does not meet the stringent standard under Dorsainvil to raise his claims in a § 2241 habeas petition rather than a motion under § 2255.  Lowery has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  He cites no intervening change in the law that renders non-criminal the crimes for which he was convicted.

---

[3]  In Dorsainvil, the Third Circuit held that, in order for a petitioner to claim § 2255 is "inadequate or ineffective," he must show (1) that he is innocent of the crime for which he was convicted and is being punished for an act that the law does not make criminal, pursuant to a previously unavailable statutory interpretation by the Supreme Court that changed the substantive law and which applies retroactively; (2) that he had no earlier opportunity to raise the claim; and (3) that he cannot raise the claim under § 2255.  Dorsainvil, 119 F.3d at 248-52.

He also fails to demonstrate any circumstances amounting to a
"complete miscarriage of justice" that would justify application
of the safety-valve language of § 2255 rather than its
gatekeeping requirements.  There are no arguable claims of actual
innocence (since Lowery pled guilty to the federal charges), and
Lowery alleges no exceptional circumstances that would overcome
the gatekeeping requirements set forth in § 2255.

Therefore, this Petition must be considered as a motion
under § 2255, which should be brought before the sentencing
court, in this instance, the United States District Court for the
Northern District of Ohio.[4]  Consequently, this Court lacks
jurisdiction over the petition and it should be dismissed
accordingly.

---

[4] Although this Court is reclassifying the petition as a
§ 2255 motion, the Court will not issue a Miller Notice and
Order, which is typically provided to give fair warning to
petitioners whose petitions were being recharacterized as § 2255
motions so that they could ensure that all their claims were
fully raised in a single all-encompassing § 2255 petition.  Such
warning, the Miller court reasoned, is necessary because
petitioners will thereafter be unable to file "second or
successive" § 2255 petitions without certification by the Court
of Appeals.  See United States v. Miller, 197 F.3d 644 (3d Cir.
1999).  Here, Lowery has indicated that he seeks only a narrow
ruling concerning the adjustment of his federal sentence; he does
not indicate any intention of challenging the legality of his
conviction or his federal sentence for any other reason based on
his plea agreement.  Moreover, Lowery's petition evinces his
general and basic knowledge of the requirements in bringing a §
2255 motion.  Therefore, this Court sees no purpose in serving a
Miller notice here, and leaves any decision with respect to the
need for that type of notice to be determined by the Northern
District of Ohio.

Whenever a civil action is filed in a court that lacks jurisdiction, however, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, this Court finds that it would be in the interests of justice to transfer this petition to the United States District Court for the Northern District of Ohio because Lowery has not yet filed a § 2255 motion, and at the time he filed the instant petition, he may have been considered timely under § 2255(f)(4).[5]  Therefore, this petition will be transferred to the Northern District of Ohio for consideration.

---

[5]  Under § 2255, a one-year period of limitation provides that an applicant can file for collateral review of his federal conviction one year from the latest of four specific events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion from such government action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

III.   CONCLUSION

For the reasons set forth above, this action will be transferred to the United States District Court for the Northern District of Ohio because the Court lacks jurisdiction over the instant petition.   An appropriate order follows.


S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: April 6, 2009